UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DONALD LOREN ANDERSON, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF SOUTH DAKOTA, DEPT. OF CORRECTIONS, CHRISTIE NOEM, GOVERNOR OF SOUTH DAKOTA IN HER OFFICIAL CAPACITY; DARRIN YOUNG, WARDEN AT SOUTH DAKOTA STATE PRISON IN HIS OFFICIAL CAPACITY; KELLY TJEERDSMA, UNIT COORDINATOR AT MIKE DURFEE STATE PRISON IN HIS OFFICIAL CAPACTIY; TE ARCHAMBEAU, UNIT MANAGER AT MIKE DURFEE STATE PRISON IN HIS OFFICIAL CAPACITY; ALEXANDRO REYES, ASSOCIATE WARDEN AT MIKE DURFEE STATE PRISON IN HIS OFFICIAL CAPACITY; TOM GILCHRIST, IN HIS OFFICIAL CAPACITY; JOHN DOE, IN HIS OFFICIAL CAPACITY; DEB EILERS, UNIT COORDINATOR AT MIKE DURFEE STATE PRISON IN HER OFFICIAL CAPACITY; AND SOUTH DAKOTA STATE PENNITENTIARY, <br><br> Defendants. | 4:19-CV-04088-KES <br><br><br> 1915A SCREENING AND ORDER DISMISSING CASE |

Plaintiff, Donald Loren Anderson, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 5. Anderson alleges violations of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment. *Id.* at

6-8. Anderson paid his full filing fee on June 21, 2019. He also filed a motion for directed verdict. Docket 6.

## FACTUAL BACKGROUND

The facts as alleged in the complaint are: Anderson has been lied to and has been subjected to harassment so he would admit his guilt. Docket 5 at 6. Anderson claims he was denied due process and is suffering from the loss of income and has lost all faith in the justice system and America. *Id.*

Anderson claims he has been subjected to cruel and unusual punishment when the defendants transferred him to facilities that are "not handicapped accessible." *Id.* at 7. Anderson fears for his life and is suffering physically and mentally. *Id.*

Anderson asks for ten million dollars for his pain, suffering, and loss of income. *Id.* at 9. He asks for an additional ten million dollars for "pain and suffering" and these awards should be given "so the voters and taxpayers will scream for a change at this prison." *Id.* Anderson requests that the "Stop or Sump program be shut down" and claims this program is used to violate civil rights. *Id.* Anderson urges that "Federal Funds be cut off to [the] state of South Dakota, as this state does not believe in civil rights[.]" *Id.* All defendants in this action are sued in their official capacities only. *Id.* at 2-4.

## LEGAL STANDARD

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89,

94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

**ANALYSIS**

Anderson has sued the state of South Dakota, the Department of Corrections (DOC), and each of the defendants in their official capacities. Docket 5 at 1-4. He has not sued the defendants in their individual capacities. *Id.* As the Supreme Court has stated, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). Thus, it is a suit against the state itself. While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Id.* at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. *Id.* But when an official capacity claim is asserted for injunctive relief against a state officer, the defense of qualified immunity does not apply. *See Pearson v. Callahan*, 555 U.S. 223, 242-43 (2009).

Here, as part of Anderson's requested remedy, he seeks to recover money damages of twenty million dollars. Docket 5 at 9. Consequently, because Anderson has sued defendants only in their official capacities, Anderson has asserted a claim for money damages against the state of South Dakota. The state of South Dakota has not waived its sovereign immunity. Thus, to the extent Anderson seeks to hold defendants liable in their official capacities for

4

money damages, the court finds that all of the defendants are protected by sovereign immunity and are entitled to judgment as a matter of law. Anderson has not asserted a claim against the defendants in their individual capacities and has not asked for injunctive relief. Thus, Anderson's complaint is dismissed because it seeks monetary relief from defendants who are immune to such relief. 28 U.S.C. § 1915A(b)(2). It is ORDERED:

1. Anderson's complaint (Docket 5) is dismissed without prejudice.
2. Anderson's motion for directed verdict (Docket 6) is denied as moot.

Dated October 16, 2019.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE